| |
|---|
| MICHAEL J. REDENBURG, ESQ. PC<br>Michael Redenburg, Esq. (NY #MR4662)<br>11 Park Place, Suite 817<br>New York, NY 10007<br>Telephone: (212) 240-9465<br>Facsimile: (917) 591-1667 |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ALOURDES TEMA and CHEKINA TEMA,<br><br>                                    **Plaintiffs,**<br>v.<br><br>THE CITY OF NEW YORK, NYPD Officer Matthew Mauro, NYPD Officer Robert Orlando, NYPD Officer Anthony Jelcic, NYPD Officer Nicklas Yardan and NYPD Sergeant Kevin Devine.<br><br>                                    **Defendants.** | **Second Amended Complaint**<br><br>**JURY TRIAL DEMANDED**<br><br>Civ. No.:  14-cv-0892 (ILG)(RML) |

**PRELIMINARY STATEMENT**

1. Plaintiffs bring this civil rights action against the City of New York, NYPD Officer Matthew Mauro, NYPD Officer Robert Orlando, NYPD Officer Anthony Jelcic, NYPD Officer Nicklas Yardin and NYPD Sergeant Kevin Devine, alleging that defendants NYPD Officer Matthew Mauro and NYPD Officer Robert Orlando violated their rights under 42 U.S.C. § 1983, the Fourth, Fifth and Fourteenth Amendments to the United States Constitution by falsely arresting them, and for NYPD Officer Anthony Jelcic, NYPD Officer Nicklas Yardan and NYPD Sergeant Kevin Devine's failing to intervene and prevent such conduct. Plaintiffs seek compensatory and punitive damages, attorney's fees and costs and such other and further relief as the Court deems just and proper.

1

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§1983 and 1988, and the Fourth, Fifth & Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §1331 and §1343.

3. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §1391 (b) and (c) because a substantial part of the events giving rise to Plaintiffs' claims occurred in this District, Plaintiffs reside in this District and because some or all of the defendants reside in this District.

## DEMAND FOR A JURY TRIAL

4. Pursuant to Fed. R. Civ. P. 38, Plaintiffs demand a trial by jury in this action.

## PARTIES

5. Plaintiff Alourdes Tema is a resident of Kings County in the City and State of New York.

6. Plaintiff Alourdes Tema is a fifty nine (59) year old woman without any criminal record; indeed, the Incident complained of herein resulted in her very first arrest.

7. Plaintiff Chekina Tema is a resident of Kings County in the City and State of New York.

8. Plaintiff Chekina Tema is a twenty one (21) year old woman and college applicant, without any criminal record.

9. The City of New York is a municipal corporation organized under the laws of the State of New York.

10. The individually named Defendant officers are members of the New York City Police Department ("NYPD") who were so employed on January 26, 2014. The individually

2

named Defendant officers were acting under color of state law and in their capacities as members of the NYPD at all relevant times. The individually named Defendant officers are sued in their individual and official capacities.

## STATEMENT OF FACTS

11. The Incident which is the subject of the instant Complaint took place in the late afternoon of January 26, 2014, at or about 4PM and in the vicinity of 745 East 83rd Street, Brooklyn, NY 11236.

12. At the above mentioned time and place, Alourdes Tema was advised by a gentleman doing work at her house that numerous NYPD Officers were in the front of the house slamming her son's head into an NYPD police car. Concerned for her son's safety, she went outside.

13. Once outside, Alourdes Tema objected to NYPD Officers Matthew Mauro and Robert Orlando physically assaulting her unarmed son and demanded that they discontinue their physical assault of her twenty two (22) year old son.

14. Next, NYPD Officer Matthew Mauro physically assaulted Alourdes Tema by punching her in the head.

15. Thereafter, Alourdes Tema was arrested.

16. Neighbors had gathered outside to observe Alourdes Tema being arrested, her first arrest as a fifty eight (58) year old woman which caused her much fear and embarrassment.

17. At or about the same time, Alourdes' daughter, Chekina, was in bed sleeping because she was not feeling well. Hearing the commotion downstairs, however, she went outside to see what was going on.

18. Once outside, she also observed NYPD Officers Matthew Mauro and Robert Orlando slamming her unarmed brother's head into an NYPD police car.

19. Chekina Tema attempted to console her mother who was crying hysterically and then ran back into the house to get her iPad, hoping to capture the Incident on video.

20. Once Chekina Tema was back outside in front of the house and with her iPad in hand, one of the NYPD Officers announced, in sum and substance, "Arrest her too."

21. Alourdes and Chekina Tema were taken to the 69th Precinct where they were processed and held for almost ten (10) hours before being transported to Brooklyn Central Booking.

22. At her Criminal Court arraignment, Alourdes Tema learned that the Defendants had charged her with violating NY PL§§195.05 and 240.20, Obstructing Governmental Administration in the Second Degree and Disorderly Conduct.

23. At arraignment, the matter was adjourned in contemplation of dismissal.

24. At her Criminal Court arraignment, Chekina Tema learned that the Defendants had charged her with violating NY PL§§195.05 and 240.20, Obstructing Governmental Administration in the Second Degree and Disorderly Conduct.

25. At arraignment, the matter was adjourned in contemplation of dismissal.

26. Once released from Brooklyn Central Booking, Alourdes Tema went to Kings County Hospital after being punched in the head by an NYPD Officer Matthew Mauro and underwent a CAT scan.

27. Chekina Tema's arrest has resulted in her distrust of the NYPD, the very people charged with protecting her; and also caused her great embarrassment as her neighbors observed her arrest.

28. As a result of the foregoing, Plaintiffs suffered an unlawful detention, loss of liberty, emotional distress, fear, anxiety, humiliation, degradation and Plaintiff Alourdes Tema suffered pain from being punched in the head – all to their detriment.

## FIRST CLAIM
*Unlawful Stop and Search*

29. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

30. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched Plaintiffs without reasonable suspicion.

31. As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

32. As a result of the foregoing, Plaintiffs suffered an unlawful detention, loss of liberty, emotional distress, fear, anxiety, humiliation, embarrassment, degradation, and Plaintiff Alourdes Tema suffered pain from being punched in the head – all to their detriment.

## SECOND CLAIM
*False Arrest*

33. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

34. Defendants Matthew Mauro and Robert Orlando violated the Fourth and Fourteenth Amendments because they arrested Plaintiffs without probable cause.

35. As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

## THIRD CLAIM
*Failure to Intervene*

36. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

37. Defendant NYPD Officer Anthony Jelcic, NYPD Officer Nicklas Yardan and NYPD Sergeant Kevin Devine, who were present during the false arrest of Chekina Tema, but did not actively participate in the aforementioned unlawful conduct observed such conduct; and had an opportunity to prevent such conduct and had a duty to intervene and prevent such conduct- but consciously failed and refused to intervene.

38. Accordingly, NYPD Officer Anthony Jelcic, NYPD Officer Nicklas Yardan and NYPD Sergeant Kevin Devine who failed to intervene in the false arrest of Chekina Tema violated the Fourth, Fifth and Fourteenth Amendments.

39. As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

### FOURTH CLAIM ON BEHALF OF ALOURDES TEMA *ONLY*
*UNREASONABLE FORCE UNDER 42 U.S.C. §1983*

40. Plaintiff Alourdes Tema repeats and realleges each and every allegation as if fully set forth herein.

41. Defendant NYPD Officer Matthew Mauro violated the Fourth and Fourteenth Amendments when he physically assaulted Alourdes Tema by punching her in the head. This degree of force was unreasonable because it was not necessary under the circumstances especially in light of the fact that Alourdes Tema was unarmed at the time she was so assaulted by NYPD Officer Matthew Mauro.

42. As a direct and proximate result of this unlawful conduct, Alourdes Tema sustained the damages hereinbefore alleged.

### FIFTH CLAIM
*MONELL CLAIM*

6

43. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

44. The City of New York is a "person" within the meaning of 42 U.S.C. §1983.

45. The acts complained of were carried out by the aforementioned defendant in his official capacity as a police officer and official pursuant to customs, policies, usages, practices, procedures and rules of the City and NYPD, all under the supervision of ranking officers of the NYPD.

46. The City is liable for the damages suffered by Plaintiffs as a result of the conduct of their employees, agents, servants, in that, after learning of their employees' violation of Plaintiffs' constitutional rights, they failed to remedy the wrong; they have created a policy and/or custom under which unconstitutional practices occurred and allowed such policies or customs to continue, and they have been grossly negligent in managing subordinates who caused the unlawful condition or event.

47. The City has been alerted to the regular use of excessive force and false arrests by its police officers, but has nevertheless exhibited deliberate indifference to such excessive force and false arrests; that deliberate indifference caused the violation of Plaintiffs' constitutional rights in this case.

48. The Incident that Plaintiffs complain of is not an isolated incident. The City has been aware for some time, from lawsuits, notices of claim, complaints filed with the Civilian Complaint Review Board, and judicial rulings suppressing evidence and finding officers incredible as a matter of law, that a disturbing number of the City's police officers use excessive force, unlawfully search and seize citizens, bring charges against citizens with no legal basis, perjure themselves in charging instruments and testimony, and fail to

intervene in and report the obvious illegal actions of their fellow officers. Nevertheless, the City has allowed policies and practices that allow the aforementioned to persist.

49. In addition, the well documented failures of the Civilian Complaint Review Board ("the CCRB"), a City agency, to substantiate obviously meritorious citizen complaints have gone uncorrected. The CCRB regularly finds complainants lack credibility based on the fact that such complainants have also brought lawsuits to remedy the wrongs they have experienced, a practice that often results in not substantiating the most serious charges brought to them. In addition, the CCRB virtually never initiates their own findings of false statements against officers who have made false statements to the CCRB in their own defense, nor do they initiate findings that officers have failed to report their fellow officers' misconduct; thus, officers have no real incentive to come forward, or to testify truthfully at the CCRB. The CCRB has no enforcement mechanisms once making a finding against an officer; it can only make recommendations to the NYPD, once finding misconduct by an officer.

50. The NYPD, once receiving a substantiated complaint by the CCRB, fails to adequately discipline officers for misconduct. The NYPD Department Advocate, which is endowed with the responsibility of following-up on substantiated CCRB charges, is understaffed and under-utilized. Furthermore, in the extraordinarily rare event that the CCRB substantiates a complaint and the Department Advocate proves the case in an internal trial against an officer, the police commissioner still maintains the power to reduce the discipline against such an officer.

51. Further, the City has no procedure to notify individual officers or their supervisors of unfavorable judicial review of their conduct. Without this notification, improper search

and seizure practices and incredible testimony go uncorrected. Additionally, according to a report of the New York City Bar Association issued in 2000, the City has isolated its law department from the discipline of police officers so that civil suits against police officers for actions taken in their capacity as police officers have no impact on the officers' careers, regardless of the outcome of the civil actions.

52. The City is aware that all of the aforementioned has resulted in violations of citizens' constitutional rights. Despite such notice, the City has failed to take corrective action. This failure and these policies caused the officers in the present case to violate Plaintiffs' civil rights without fear of reprisal.

53. Plaintiffs have been damaged as a result of the deliberate indifference of the City to the constitutional rights of the City's inhabitants.

54. As a result of the foregoing, Plaintiffs suffered an unlawful detention, loss of liberty, emotional distress, fear, anxiety, humiliation, degradation, and Plaintiff Alourdes Tema suffered pain from being punched in the head by NYPD Officer Matthew Mauro – all to their detriment.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs respectfully request judgment against defendants as follows:

a. Compensatory damages against all defendants, jointly and severally;

b. Punitive damages in an amount to be determined by a jury;

c. Reasonable attorneys' fees and costs; and

d. Such other relief as this Court shall deem just and proper.

Dated:  April 9, 2015

New York, NY

                                                **s/Michael Redenburg**
Michael J. Redenburg (NY #MR4662)
MICHAEL J. REDENBURG, ESQ. PC
11 Park Place, Suite 817
New York, NY 10007
mredenburg@mjrlaw-ny.com
1-212-240-9465 (Phone)
1-917-591-1667 (Fax)